IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK BRAZIER,** **#B89219,** | |
| Plaintiff, | Case No. 23-cv-03894-SPM |
| v. | |
| **EAST SAINT LOUIS POLICE DEPARTMENT, K. RANDOLPH, J. MCCOY, A. HARRIS, and D. WOOD,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kendrick Brazier, an inmate of the Illinois Department of Corrections (IDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations and the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680. (Doc. 1). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

In the Complaint, Plaintiff states that on May 14, 2020, he dropped $4,050 wrapped in a red shirt and tied in multiple bundles of rubber bands at the rear of Haymore's Store. (Doc. 1, p. 14). He alleges that officers of the East St. Louis Police Department took the money and falsely recorded that the amount confiscated as only $3,050. Plaintiff asserts that the officers kept and split $1,000. (*Id.*). He states that his money has not been returned to him and that he has not heard

from East St. Louis Police "ever again after [he] claimed [his] money they took and stole." (*Id.* at p. 6). Plaintiff asks the Court to recover his cash in the amount of $4,050.00 from the East St. Louis Police Department. (*Id.* at p. 7).

According to Plaintiff's exhibits, on May 14, 2020, Officers Randolph, McCoy, Harris, and Wood arrived at Haymore's "in response to subjects loitering." (Doc. 1, p. 9). Upon the officers' arrival, several individuals ran from the front entrance of the store to the rear of the building. (*Id.*). The officers report that a bundle of money in the amount of $3,050 was found located on the ground with no one around. (*Id.* at p. 8). Later that evening, Plaintiff went to the police station "claiming the money belonged to him." (*Id.*). The officers ran "a check" on Plaintiff and discovered that three warrants had been issued for his arrest. Plaintiff was then taken into custody. (*Id.*).

## DISCUSSION

The Court first dismisses Plaintiff's claims brought pursuant to the Federal Tort Claims Act. The Federal Tort Claims Act ("FTCA") provides jurisdiction for actions against the United States regarding torts committed by federal officials. All the Defendants named are local officials. Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA.

The Court also dismisses Plaintiff's Fourth Amendment claim for the unlawful seizure of his money brought pursuant to Section 1983, as it is obvious from the face of the Complaint that the claim is barred by the statute of limitations. The statute of limitations for Section 1983 actions in Illinois is two years. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). This limitations period applies to claims arising under the Fourth Amendment, and claims for an unlawful search or seizure accrue on the date of the unlawful search or seizure. *Flynn v. Donnelly*, 793 F. App'x 431, 434 (7th Cir. 2019). While statute of limitations is usually asserted as an affirmative defense, the court may *sua sponte* dismiss a case at Section 1915A review if the applicability of the statute

of limitations is "so plain from the language of the complaint ... that it renders the suit frivolous." *Terry v. Spencer*, 888 F. 3d 890, 894 (7th Cir. 2018) (citations omitted).

Here, Plaintiff's claim accrued on May 14, 2020, the date of the unlawful seizure giving rise to this action. Plaintiff did not file this case until more than two years later December 11, 2023. It is clear that Plaintiff filed suit outside the limitations period. Plaintiff's claims and this entire case will be dismissed with prejudice as untimely.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED with prejudice** for failure to state a claim. 28 U.S.C. §1915A; *Koch v. Gregory,* 536 F. App'x 659, 660 (7th Cir. 2013); *Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 6, 2024**

                                                     *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**